14-701-pr
Woodard v. Chappius

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of January,  two thousand sixteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

JUSTIN WOODARD,

                    *Petitioner-Appellant*,

              v.                                                    14-701-pr

PAUL CHAPPIUS,

                    *Respondent-Appellee*.

_____

Appearing for Appellant:      Jane S. Meyers, Brooklyn, NY.

Appearing for Appellee:       Lisa Ellen Fleischmann, Assistant Attorney General *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Western District of New York (Telesca, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Petitioner-Appellant Justin Woodard appeals from the January 13, 2014 order of the United States District Court for the Western District of New York (Telesca, *J.*), dismissing his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 and denying his motion for a stay so that he could exhaust his unexhausted claims in state court. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

At issue in this appeal is whether the district court improperly denied a stay of the proceedings to allow Woodard to exhaust available state court remedies on his claim that trial counsel was constitutionally ineffective in failing (1) to request a hearing as to the validity of Woodard's warrantless arrest, and (2) to investigate whether arrest circumstances warranted suppression of Woodard's confession for violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). We review a district court's denial of a stay for abuse of discretion. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court abuses its discretion in denying a stay to exhaust claims in a mixed petition if the unexhausted claims are not plainly meritless, if the petitioner has good cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory litigation tactics. *Id.* at 277-78.

The district court did not abuse its discretion in denying a stay so that Woodard could exhaust his ineffective assistance of counsel claims because these claims are plainly meritless. Pursuant to the well-known two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging ineffective assistance of counsel "must demonstrate (1) that his counsel's performance fell below what could be expected of a reasonably competent practitioner; and (2) that he was prejudiced by that substandard performance." *Pearson v. Callahan*, 555 U.S. 223, 241 (2009) (citing *Strickland*, 466 U.S. at 687). To show actual prejudice under *Strickland*, Woodard must show that "that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Woodard argues that his attorney was constitutionally ineffective in failing to investigate the circumstances of the statement he gave police on November 20, 2007, and failing to move to suppress that statement on several grounds. However, even if Woodard is correct that the statement should have been suppressed, there is no reasonable probability of a different verdict and, therefore, no prejudice.

In addition to giving the November 20, 2007 statement confessing to participating in the attempted robbery and the felony murder of Keith Holloway, Woodard also testified about his participation in those crimes before a grand jury pursuant to a cooperation agreement that he later violated, and after signing a waiver of immunity. Specifically, Woodard testified that on January 14, 2007, he was with Robert Brewer. Woodard and Brewer ran into William Miller, who was upset because he believed someone had raped his nephew. Miller stated that he wanted to go to Rochester to rob the individual he believed had raped his nephew. Woodard testified that Brewer stated that he wanted to participate in the robbery, and that Woodard agreed to give them a ride to Rochester. Woodard testified that after arriving in Rochester, they drove around searching for the victim, Holloway, because, according to Woodard, "we wanted to rob him." App'x at 1206. Woodard also testified that, when they were driving to Rochester, he saw that

Brewer had a nine-millimeter gun. Woodard testified that he left for a period of time with Brewer, but he then received a call from Miller that Holloway was going to Miller's sister's house, and Woodard and Brewer therefore went to that house. Woodard testified that when Holloway arrived, Brewer pointed the gun at him, and Miller said, "Where's it at?," meaning, "Where's the stuff, where's the money[?]" App'x at 1210. Brewer pistol-whipped Holloway, and then shot at his feet. Holloway then ran toward the kitchen, with Brewer running after him and shooting at him. Miller asked Brewer if Holloway was dead, Brewer said he did not know, and Miller told him, "Finish him." App'x at 1211. Brewer returned to the kitchen, and Woodard heard another shot. Woodard testified that he saw everything that occurred. Woodard testified that he then drove Brewer and Miller to Miller's mother's house, during which Brewer threw the nine-millimeter gun out the window, and then drove Brewer and Miller to Elmira. This testimony, in addition to the November 20, 2007 statement, was introduced against Woodard at trial. The substance of Woodard's grand jury testimony was essentially identical to his prior statement. The only even arguably material fact included in the November 20, 2007 statement, but not the grand jury testimony, was that Miller told Woodard prior to the attempted robbery that he also had a gun.

Woodard's grand jury testimony was corroborated by other evidence at trial. Kentrell Burks, another witness to the attempted robbery and murder, testified against Woodard at trial, corroborating in large part the details of Woodard's grand jury testimony. Finally, an evidence technician testified about recovering bullets and nine-millimeter casings in the locations where Woodard described shots being fired, and the medical examiner testified that Holloway sustained blunt force trauma to his face, which was consistent with Woodard's testimony that Brewer pistol-whipped Holloway before shooting him.

Woodard raises no colorable argument that the grand jury testimony should have also been suppressed, or that he would not have testified before the grand jury had the statement been suppressed. Indeed, he testified before the grand jury on December 14, 2007, and the suppression hearing was not until January 15, 2009. Thus, even if the November 20, 2007 statement had been suppressed, given that another confession, given under oath, was introduced at trial and corroborated by other evidence, there is simply no reasonable probability that Woodard would not have been convicted at trial. Because he has suffered no actual prejudice, his *Strickland* claims are plainly meritless, and the district court did not abuse its discretion in denying Woodard's motion for a stay so that he could exhaust those claims.

We have considered the remainder of Woodard's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3